UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARSHALL W. COLLINS, GARY
DANNENBERG, THEODORE M. KOLER,
AND ELMER WALKER, Individually and
on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

OILSANDS QUEST INC. (f/k/a CANWEST
PETROLEUM CORPORATION),
CHRISTOPHER H. HOPKINS, T.
MURRAY WILSON, KARIM HIRJI,
GARTH WONG, RONALD PHILLIPS,
THOMAS MILNE, GORDON TALLMAN,
WILLIAM SCOTT THOMPSON, PAMELA
WALLIN, JOHN READ, AND MCDANIEL
& ASSOCIATES CONSULTANTS LTD.,

    Defendants.



CLASS ACTION

[PROPOSED] ORDER
PRELIMINARILY APPROVING
REVISED SETTLEMENT AND
PROVIDING FOR NOTICE

EXHIBIT A

11 CV 1288 (JSR)

Doc#: US1:8172672v1

WHEREAS, a consolidated class action is pending before the Court entitled *Collins v. Oilsands Quest Inc., et al.*, Case No. 11 CV 1288 (JSR) (the "Litigation" or the "Action");

WHEREAS, the Court has received the Revised Stipulation of Settlement dated March 4, 2013 ("Revised Stipulation"), that has been entered into by the Settling Parties, and the Court has reviewed the Revised Stipulation and the exhibits annexed thereto (collectively, the "Exhibits");

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Revised Stipulation which, together with the Exhibits, sets forth the terms and conditions for a proposed settlement of the Litigation (the "Settlement") and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Revised Stipulation, the Exhibits and the Notice of Lead Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion") and Memorandum of Law in support thereof; and

WHEREAS, all capitalized terms not defined herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily certify a Class of all Persons who purchased the common or preferred stock, or options (hereinafter "Stock") of the Company during the period commencing on or about March 20, 2006 through January

13, 2011, inclusive ("Class Period"), and were damaged thereby (the "Class" or "Settlement Class"). Excluded from the Class are any (a) Persons or entities who submit valid and timely requests for exclusion from the Class; and (b) Defendants, members of the immediate family of any Defendant, all former officers and directors of Oilsands and former and current officers and directors of McDaniel & Associates Consultants Ltd. (together, "Excluded Persons") and legal representatives, agents, executors, heirs, successors or assigns of any such Excluded Person, and any entity in which an Excluded Person has a controlling interest.

2. Lead Plaintiffs Marshall W. Collins, Gary Dannenberg, Theodore M. Koler, and Elmer Walker are preliminarily certified as Class Representatives for the Class, and the law firm of Scott+Scott, Attorneys at Law, LLP is preliminarily appointed Plaintiffs' Lead Counsel for the Class.

3. Solely for purposes of the Revised Stipulation and the Settlement, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the named Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class

in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

4. If for any reason the Effective Date, as defined in ¶1.4 of the Revised Stipulation, does not occur, this conditional certification of the Class shall be deemed null and void without the need for further action by the Court or any of the Settling Parties. In such circumstances, each of the Settling Parties shall retain its currently existing rights to seek or to object to the certification of this Litigation as a class action under Federal Rule of Civil Procedure 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this Litigation or in any other litigation on any other grounds.

5. The Court hereby preliminarily approves the Revised Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Settlement Hearing described below.

6. A hearing (the "Final Approval Settlement Hearing") shall be held before this Court on [at least 75 days after Notice Date - Notice Date is 20 days after Preliminary Approval] June 14, 2013, at 3:00 p.m., at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation should be approved by the Court as fair, reasonable and

3

adequate to the Class Members; whether, thereafter, the Litigation should be dismissed with prejudice; whether the proposed Plan of Distribution, as set forth in § IX of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), is fair, reasonable and adequate and therefore should be approved; whether the Class should be certified pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3); and whether the application of Lead Plaintiffs for payment of costs and expenses (including, but not limited to, lost wages, if any) and of Plaintiffs' Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with the Litigation should be approved. The Court may adjourn the Final Approval Settlement Hearing without further notice to Class Members.

7. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice in the manner and form set forth in ¶¶8-9 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including the Private Securities Litigation Reform Act of 1995, and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4

8. The firm of The Garden City Group, Inc. or its successor (the "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Within five (5) business days of entry of this Order, Defendants will make their best efforts to cause the Company's transfer agent to provide to the Claims Administrator the last known names and addresses of all shareholders of record. The Settlement Fund shall bear any reasonable expense associated with providing such names and addresses in a computer-readable format. The format shall be in a form acceptable to Plaintiffs' Lead Counsel and the Claims Administrator;

(b) Not later than *March 25, 2013*, which is twenty (20) calendar days following the date of this Order Preliminarily Approving Settlement and Providing for Notice (hereinafter the "Notice Date"), Plaintiffs' Lead Counsel shall cause the Claims Administrator to mail to all shareholders of record identified by the Company's transfer agent a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto;

(c) Not later than *March 25, 2013* (the Notice Date), Plaintiffs' Lead Counsel shall cause the Claims Administrator to have the Notice and the Proof of Claim posted on the Claims Administrator's website or a website dedicated to this Settlement created by the Claims Administrator;

(d) Not later than *March 25, 2013* (the Notice Date), Plaintiffs' Lead Counsel shall cause the Claims Administrator to publish a Summary

5

Notice, substantially in the form of Exhibit A-3 hereto, once in the national edition of *Investor's Business Daily* and once over the PR Newswire; and

(e) At least seven (7) calendar days prior to the Final Approval Settlement Hearing, Plaintiffs' Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

9. The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who purchased or otherwise acquired Oilsands Stock for the benefit of another Person during the Class Period. Such brokers and other nominees are directed to either: (a) send the Notice and the Proof of Claim to all such beneficial owners of Oilsands Stock, postmarked within ten (10) calendar days after receipt thereof; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator postmarked within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall mail the Notice and the Proof of Claim to such beneficial owners within seven (7) calendar days after receipt thereof. Upon full compliance with this Order, such nominees may seek reimbursement solely for their reasonable out-of-pocket expenses actually incurred in complying with this Order, which expenses would not have been incurred except for the sending of such notice, by providing the Claims Administrator with proper documentation supporting the expenses incurred by nominees in compliance with the terms of this Order. Such reasonable out-of-pocket expenses shall be paid from the Settlement Fund, subject to further order of this Court with respect to any dispute concerning such compensation.

10. All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

11. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim and Release forms must be submitted no later than ninety (90) calendar days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim and Release within the time provided for shall be barred from sharing in the distribution of the net proceeds of the Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments as provided in ¶ 7 of this Order. Notwithstanding the foregoing, Plaintiffs' Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

12. Any Class Member may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Class Member does not enter an appearance, he, she or it will be represented by Plaintiffs' Lead Counsel.

13. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a written request for exclusion ("Request for Exclusion"), postmarked no later than [at least 14 calendar days before date of Final Approval 

7

~~Hearing]~~ May 31, 2013. A Request for Exclusion must be signed and: (a) state the name, address, and telephone number of the Person requesting exclusion; (b) demonstrate via brokerage statement, affidavit, confirmation slips, or other documentation, the Person's purchases of Oilsands Stock during the Class Period, including the dates, the number of shares of Oilsands Stock purchased, and the price paid for each such purchase; and (c) state that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

14. Any Class Member who objects to any aspect of the Settlement, the Plan of Distribution, the application for attorneys' fees and expenses, or Lead Plaintiffs' application for reimbursement of costs and expenses may appear and be heard at the Final Approval Settlement Hearing; provided, however, that any such Person must submit a written notice of objection, received on or before ~~[at least 14 calendar days before the date of Final Approval Hearing]~~ May 31, 2013, by each of the following:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF NEW YORK
> Daniel Patrick Moynihan United States Courthouse
> 500 Pearl Street
> New York, NY 10007

8

PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP
Moses Silverman
Andrew G. Gordon
Robyn F. Tarnofsky
James J. Beha II
1285 Avenue of the Americas
New York, NY 10019-6064

*Attorneys for the Oilsands Defendants*

BURNS, FIGA & WILL, P.C.
Jennifer M. Osgood
6400 S. Fiddler's Green Circle, Suite 1000
Greenwood Village, CO 80111
Telephone No. 303-796-2626

*Attorneys for Thomas Milne and William Scott Thompson*

VENABLE LLP
Matthew T. McLaughlin
David N. Cinotti
Rockefeller Center
1270 Avenue of the Americas, 25th Floor
New York, NY 10020

*Attorneys for McDaniel & Associates Consultants Ltd.*

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
David R. Scott
Beth A. Kaswan
Judith S. Scolnick
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174

*Lead Counsel for Plaintiffs*

The written objections must (a) demonstrate via brokerage statements, affidavit, confirmation slips or other documentation, the objecting Person's membership in the Settlement Class; and (b) contain a statement of the reasons for objection. Any Class

9

Member who does not make his, her or its objection in the manner provided in this paragraph shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Revised Stipulation, to the Plan of Distribution, to the award of attorneys' fees and expenses to Plaintiffs' Lead Counsel, or to the award of expenses to Lead Plaintiffs, unless otherwise ordered by the Court.

15. Defendants shall cause the payment of $10,235,000.00 to be transferred to the Escrow Agent within thirty (30) calendar days after the later of: (i) the date this Order has been entered; or (ii) the date that Defendants receive instructions from Plaintiffs' Lead Counsel referencing a taxpayer identification number for the Settlement Fund. These funds, together with any interest and income earned thereon, shall constitute the Settlement Fund. The Settlement Fund shall be held by the Escrow Agent until further order of the Court, except that prior to the time the Court enters the Judgment up to $250,000.00 may be drawn upon the account to pay notice and administration costs. All costs and expenses in excess of $250,000.00 incurred in connection with the administration of the Settlement shall be paid from the Settlement Fund subject to approval from the Court.

16. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Revised Stipulation and/or further order(s) of the Court.

17. All papers in support of the Settlement, the Plan of Distribution, and any application by Plaintiffs' Lead Counsel for attorneys' fees or expenses or by Lead Plaintiffs for their expenses shall be filed and served no later than twenty-one (21) calendar days prior to the Final Approval Settlement Hearing, and all reply memoranda in support of such motions shall be filed and served no later than seven (7) calendar days prior to the Final Approval Settlement Hearing.

18. Neither Defendants, the Released Parties nor Defendants' counsel shall have any responsibility for the Plan of Distribution or any application for attorneys' fees or expenses submitted by Plaintiffs' Lead Counsel or the Lead Plaintiffs (other than responding in full to any inquiries from the Court regarding attorneys' fees or expenses applications by Plaintiffs' Lead Counsel), and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

19. At or after the Final Approval Settlement Hearing, the Court shall determine whether the Plan of Distribution proposed by Plaintiffs' Lead Counsel and any application for attorneys' fees or expenses or Lead Plaintiffs' expenses shall be approved.

20. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Revised Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Plaintiffs, Plaintiff's Counsel, nor Plaintiffs' Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶ 2.1 and ¶ 2.6 of the Revised Stipulation, except as required under ¶ 7.4 of the Revised Stipulation.

11

21. Neither the Revised Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or as an admission or concession by Plaintiffs that liability against Defendants did not exist or that the amount recoverable was not greater than the Settlement amount.

22. Pending approval of the Court of the Revised Stipulation and its Exhibits, all proceedings in this Litigation, other than those preparatory to the Final Approval Settlement Hearing, shall be stayed.

23. Pending approval of the Court of the Revised Stipulation and its Exhibits, all Persons shall be barred from prosecuting any Released Claim(s).

24. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

\* \* \*

### ORDER

IT IS SO ORDERED.

DATED: 3/5/13

THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

12

13